### MARKS v. NEUFELD et al.
### Clv. No. 866.

United States District Court
S. D. Iowa, Central Division.

Oct. 8, 1948.

Hallagan & Lucier, of Des Moines, Iowa, for plaintiff.

Abramson & Myers, of Des Moines, Iowa, for L. C. Neufeld, Neufeld Enterprises, Inc. and Delman Corporation.

Robt. J. Bannister, of Des Moines, Iowa, for Rudolph L. Lowell.

DEWEY, District Judge.

This action was removed from the State court by the defendants, and a motion by the plaintiff to remand came on for hearing in open court at Des Moines, Iowa, on the first day of October, 1948. The motion to remand was argued and submitted.

Section 371 [now § 1338], Title 28 U.S. C.A. provides for exclusive jurisdiction of the courts of the United States, as follows: "Fifth. Of all cases arising under the patent-right * * * laws of the United States."

The removal was had under a claim that this suit was, at least partially, a proceeding arising under a patent-right law of the United States.

Plaintiff does not claim that he is the owner of a patent, but he does claim, among other things, that he is the owner and inventor of a windshield spray device and that on the 11th day of March, 1946, he filed an application with the United States Patent Office for a patent on the same. And he claims that he has granted to some of the defendants a distributor's license to make, use and vend said device, and that the defendants, or a part of them, have wrongfully manufactured, used and vended said device and have violated the license agreement.

The interesting question therefore has arisen whether a controversy arising under rights claimed on account of an invention of a device and an application for a patent thereon, where no patent has been issued, is a case arising under a patent right of the United States.

These defendants have not shown to the court nor can I find from an extensive examination where this action, or any part of it, is based upon an issue that arises under the patent laws of the United States.

It is therefore ordered that this action be, and it is hereby ordered, remanded to the State court from which it was removed.